UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23131-CIV-MOORE

JEAN ROBERTS,

    Plaintiff,
vs.

CABALLERO & CASTELLANOS, PL, ELIAS
CASTELLANOS, and NESTOR CABALLERO,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (dkt # 6). Plaintiff filed a Response (dkt # 11) and Defendants filed a Reply (dkt #12).

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves a claim for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff Jean Roberts ("Roberts") worked for Defendant Caballero & Castellanos, PL ("Caballero & Castellanos"), an accounting firm, from August 6, 2007, to August of 2009. (Compl. ¶ 9.) Defendants Elias Castellanos ("Elias") and Nestor Caballero ("Nestor") were the owners of Caballero & Castellanos during the period in which Roberts worked for Caballeros & Castellanos. (Compl. ¶ 12.)[1] Roberts alleges that she did not receive her last pay check and that she worked an average of fifty-five to sixty hours per week without being compensated at the overtime rate required under the FLSA. (Compl. ¶ 8.) On

---

[1] Caballero & Castellanos, Elias Castellanos, and Nestor Caballero are referred to, collectively, as the "Defendants."

November 10, 2009, Defendants filed the instant Motion arguing that this Court lacks subject matter jurisdiction to hear the case, and that Roberts' Complaint fails to state a claim upon which relief can be granted.

## II.     STANDARD OF REVIEW

### A.     Standard of Review Applicable to Dismissal for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a case when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2002). "Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 505 (2006) (quoting 28 U.S.C. § 1331). The well-pleaded complaint rule governs whether a claim arises under federal law and provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)). This broad grant of jurisdiction can, however, be limited where Congress enacts laws that contain their own jurisdiction-conferring provisions. Arbaugh, 546 U.S. at 516, n.11 (listing laws with jurisdiction-conferring provisions). Where Congress does so, the court is without power to hear a case that does not fall within the purview of the jurisdiction-conferring provision. See id.

[T]he district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*'" Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Garcia v. Copenhaver, Bell & Assoc's, 104

F.3d 1256, 1261 (11th Cir. 1997)) (emphasis in original). When a jurisdictional challenge implicates the merits of the underlying claim, "the proper course of action for a district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Id. (citation and internal quotation marks omitted).

    B.    Standard of Review Applicable to Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. U.S., 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by* Twombly, 550 U.S. at 548-49 (citation omitted)).

**III.    ANALYSIS**

    A.    Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), Defendants seek dismissal of Roberts' claim for unpaid wages and unpaid overtime wages under the FLSA on the ground that the Court lacks subject matter jurisdiction over Roberts' claims. Defendants argue that: (1) Roberts was not an employee of Caballero & Castellanos but was instead, an independent contractor; and (2) Roberts does not fall under the

3

individual or enterprise coverage provisions of the FLSA.

The Eleventh Circuit has not addressed the issue of whether, under the FLSA, a plaintiff's status as an "employee" is a jurisdictional prerequisite. It has, however, addressed this question in a nearly identical jurisdiction-conferring provision in the Family Medical Leave Act of 1993 ("FMLA"). See Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003). The FMLA provides in pertinent part:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of . . . the employees or . . . the employees and other employees similarly situated.

29 U.S.C. §§ 2601-2654 (emphasis added). In a nearly identical jurisdiction-conferring provision, the FLSA provides in pertinent part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b) (emphasis added). In Morrison, the Court held that the question of "employee" status "implicates both jurisdiction and the merits." Id. at 930. Given the Morrison holding and the nearly identical language of the FLSA, the question of "employee" status under the FLSA implicates both jurisdiction and the merits.

Similarly, "determining the existence of individual or enterprise coverage implicates both the Court's jurisdiction and a requisite element of Plaintiff's FLSA claim." Diaz v. Solmar Restaurant, Inc., No. 08-21379-CIV-BSS, 2008 WL 5787709, at *1 (S.D. Fla. December 22, 2008) (collecting cases holding the same). The proper course of action, therefore, is for the district court to "find that jurisdiction exists and deal with the objection as a direct attack on the

4

merits of the plaintiff's case." Id.  The court can then review the motion under a Rule 12(b)(6) or Rule 56 standard.  Garcia, 104 F.3d at 1261.  Because Defendants have failed to provide any evidentiary support for their jurisdictional attack, the Court will review Defendants' jurisdictional arguments under the Rule 12(b)(6) standard.[2]

B.   Defendants' Motion to Dismiss for Failure to State a Claim

Roberts' Complaint alleges violations of the FLSA by Caballero & Castellanos, and by Elias and Nestor, individually.  Defendants make the same arguments for failure to state a claim as they made in their jurisdictional challenge.

1.   Caballero & Castellanos

a.   Roberts Has Sufficiently Alleged She Was an Employee of Caballero & Castellanos

The FLSA applies only to an employee asserting a claim against his or her employer. 29 U.S.C. § 216(b).  Roberts has alleged that she was employed by Caballero & Castellanos as project accountant.  (Compl. ¶ 7.)  Accepting Roberts' well pleaded facts as true and construing the Complaint in the light most favorable to Roberts, Roberts has stated a claim upon which relief can be granted.  The FLSA does specifically exempt independent contractors from coverage.  See Donovan v. Tehco, Inc., 642 F.2d 141, 143 (5th Cir. 1981).  The independent contractor exemption, however, is "outside the scope of what the Court may consider on a motion to dismiss under [Rule] 12(b)(6)" because the Court's analysis is limited to the four corners of Roberts' Complaint.  Cabrera, 2009 WL 2076095, at *5 (citing Grossman v. Nationsbank, 225 F.3d 1229, 1231 (11th Cir. 2000)).  To state a claim, Roberts need only

---

[2]Defendants have included an affidavit by Nestor Caballero that disputes whether he had operational control over Caballero & Castellanos but the affidavit does not provide any evidence supporting Defendants' jurisdictional challenge.

adequately allege that she was an employee of Caballero & Castellanos. Roberts has not included in her Complaint (nor did she have to), allegations that rebut Caballero & Castellanos' defense that she was an independent contractor.

     b.  Roberts Has Sufficiently Alleged Individual and Enterprise Coverage

To prove her claim against Caballero & Castellanos, Roberts must show that, as an employee of Caballero & Castellanos, she falls under either individual or enterprise coverage. For individual coverage to apply, "a plaintiff mush show that he or she is (1) engaged in commerce or (2) engaged in the production of goods for commerce." Rodriguez, 619 F. Supp. 2d at 1350. The employee "must directly participate[e] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work . . . ." Thorne v. all Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually. 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Roberts alleges that she engaged in work that affects interstate commerce. (See Compl. ¶ 7.) Roberts also alleges that Caballero & Castellanos is an accounting firm that is engaged in interstate commerce for the relevant period and that she was of the belief that Caballero & Castellanos grossed in excess of $500,000 annually. (Compl. ¶¶ 6, 7.) Accepting Roberts' well pleaded facts as true and construing the Complaint in the light most favorable to Roberts, Roberts has stated a claim upon which relief can be granted. These issues, especially the extent of Caballero & Castellanos' gross sales, are issues more appropriately determined at the summary judgment stage.

6

2.      Elias and Nestor

Elias and Nestor's arguments that they cannot be held individually liable are derivative of Caballero & Castellanos' liability argument. Elias and Nestor contend that since Caballero & Castellanos is not liable under the FLSA, each of them cannot be held liable. Nestor also argues that Roberts' claim against him should be dismissed because "he is no longer a shareholder in Caballero & Castellanos, PL, and because he never had any contact nor communication, direct or indirect with the plaintiff." (Def. Mot. ¶ 17.)

"[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (citation and internal quotation marks omitted). "To be personally liable, an officer must either be involved in the day to day operation or have some direct responsibility for the supervision of the employee." Id. Operational control need only exist during the time period in question. Id. at 638. Roberts alleges Elias and Nestor were "corporate officers, directors and/or partners or owners" of Caballero & Castellanos and had operational control of the business during the period in question. (Compl. ¶¶ 23 & 34.) While Nestor has provided an affidavit contesting whether he had operational control over Caballero & Castellanos, the Court will disregard the affidavit for the purposes of this Motion to Dismiss. Whether Nestor had operational control over Caballero & Castellanos is an issue more appropriately determined at the summary judgment stage. Accepting Roberts' well pleaded facts as true and construing the Complaint in the light most favorable to Roberts, Roberts has stated a claim upon which relief can be granted.

## IV. CONCLUSION

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of January, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

8